TITLE GUARANTEE AND TRUST COMPANY, as Trustee, Plaintiff, v. RICHARD ZENKER, et al., Defendants.

Supreme Court, Special Term, Queens County, May 4, 1944.

*Sidney D. Young* for plaintiff.

*Sidney Paymer* for Richard Zenker, defendant.

COLDEN, J. Motion by the plaintiff in an action to foreclose a mortgage for a judgment of foreclosure and sale, as prayed for in the complaint, and to appoint a referee to compute the amount due.

The only opposition is by an attorney who, pursuant to an order of this court dated February 14, 1944, made by Mr. Justice WENZEL, was appointed to represent the defendant Richard Zenker who is and since November 26, 1941, has been in the service with the United States Navy. He prays that the plain-

tiff's motion be denied and that the action be stayed until such time as the said Richard Zenker is in a position to protect his own interests.

The property consists of a two-family house owned by the defendants Zenker, husband and wife, who were separated by a decree of separation entered in this court on May 11, 1938. So far as material here, the decree provides, in substance, that the wife, who prevailed in the action, should reside in the upper floor of the premises under foreclosure, rent free, and should collect the rents from the lower floor apartment and from the two garages and apply said rents toward the carrying charges of the house, and that if, after all expenses and carrying charges of the house are paid, there is any profit remaining, such profit should be equally divided between the parties.

It appears that subsequent to the husband's entering into the armed services of his country there occurred defaults in the payment of amortization, taxes and interest and premiums advanced for war-damage insurance. Consequently, on or about October 21, 1943, this foreclosure action was instituted and all necessary parties served, none of whom have appeared, answered or moved with reference to the complaint.

It is evident that the wife has not used the income from the building to pay the carrying charges and no affidavit has been obtained from her.

Counsel for the plaintiff states that the husband has in no way been materially affected, nor have his rights been prejudiced, by reason of his military service inasmuch as his interest in the premises was merely nominal and never real, and there is, therefore, no reason why he should be heard to complain. This court cannot agree with this view. The husband is still a part owner of the premises and, notwithstanding the terms of the separation decree already referred to, has an interest therein, which it is the duty of this court to protect under the provisions of the Soldiers' and Sailors' Civil Relief Acts. (U. S. Code, tit. 50, Appendix, § 501 *et seq.;* Military Law, § 300 *et seq.*) According to a recent letter received by the attorney appointed by the court, the husband is serving abroad and it is evident therefrom that he desires to protect his interest in the property, for he states, in part: " * * * If it is possible for the Hon. HENRY G. WENZEL, JR. or any other Judge of the Supreme Court to appoint a person or company to look after my interest until such time that I may reach the United States I would be more than thankful. In the last statement I mean to collect rents and pay expenses as the court may direct. * * * Let

me thank you for anything you can do in my interest and your good deeds to service men will not go unheeded. God will take care of you and bless you for these good deeds."

It is not possible, however, upon the meager facts contained in the affidavit of the attorney appointed for the defendant Richard Zenker to make an equitable determination of the issues here presented. Accordingly, the court directs a hearing to be held at Special Term, Part I, of this court, on May 25, 1944, at eleven o'clock in the forenoon, at which time competent proof should be presented showing (1) the rentals from all sources received in connection with the premises under foreclosure, (2) the running expenses of the premises, and (3) what income the wife has from all sources.

Settle order on notice.